**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division**

| | |
|---|---|
| **THE COLUMBIA GROUP, INC.**<br><br>*Plaintiff*,<br><br>v.<br><br>**LOGISTICS MANAGEMENT INSTITUTE**<br><br>*Defendant*. | Civil Action No. 1:20-cv-127 |

**NOTICE OF REMOVAL**

Pursuant to 28 U.S.C. §§ 1332(a), 1441, and 1446(a), Defendant Logistics Management Institute ("LMI") hereby removes the above-styled action initially filed on January 28, 2020 in the Circuit Court of Fairfax County, Virginia, bearing Case No. CL-2020-0001643. In accordance with 28 U.S.C. § 1446(a), the following is a short and plain statement of the grounds for removal:

**BACKGROUND**

1. This dispute arises out of a subcontract agreement between Plaintiff The Columbia Group, Inc. ("TCG" or "Plaintiff") and Defendant LMI.

2. On or about January 30, 2019, LMI and TCG entered into a Subcontract Agreement, Subcontract No. SB19-00022 ("Subcontract"), in which TCG supported LMI's prime contract with the United States Marine Corps ("Government.")

3. On or about June 13, 2019, LMI notified TCG that the Government decided to end the Planning Task (Task 1) of a task order and thus mandated that all subcontractors stop work by June 17, 2019.

4. TCG alleges that it is entitled to damages for LMI's alleged breach of the

subcontract by terminating the agreement without providing TCG with 30 days' notice and by failing to pay certain alleged damages stemming from the termination.

5. On January 28, 2020, TCG filed a one-count Complaint in the Circuit Court of Fairfax County, Virginia, Case No. CL-2020-0001643. TCG's one-count claim for breach of contract seeks $156,027.54 in alleged damages.

6. LMI has not been served with the Complaint.

## GROUNDS FOR REMOVAL

7. Federal courts have original jurisdiction of civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between citizens of different States. 28 U.S.C. § 1332(a). A corporation is deemed to be a citizen of every State in which it has been incorporated and of the State where it is has its principal place of business. *Id.* § 1332(c).

8. The amount in controversy requirement is satisfied because TCG is seeking $156,027.54 in damages, exclusive of interest and costs.

9. The citizenship requirement is satisfied under 28 U.S.C. §§ 1332(c) and 1441. TCG is a District of Columbia corporation with its principal place of business in the District of Columbia. Although TCG alleges in Paragraph 4 of its Complaint that its principal place of business is in Virginia, TCG's own website states that TCG is "[b]ased in Washington, DC with regional offices in Virginia…." **Exhibit 1**, also available at https://www.columbiagroup.com/about-us/ (last visited Feb. 5, 2020). In a previous Complaint filed in this Court on June 10, 2016, TCG also alleged that "TCG is a District of Columbia corporation with its ***principal place of business in the District of Columbia*** and satellite offices in Alexandria, Fairfax, and Stafford, Virginia and Lawton, Oklahoma." *See* the Columbia Group, Inc., Civil Action No. 1:16-cv-650-

LMB-MSN, Dkt. 1 (E.D. Va. June 10, 2016). **Exhibit 2.**

10. LMI is a Delaware nonstock corporation with its principal place of business in Virginia.

11. Although this matter was originally filed in the Circuit Court of Fairfax County, Virginia, the forum defendant rule does not apply and LMI is entitled to remove this matter because it has not been served with the Complaint. *See* 28 U.S.C. § 1441(b)(2) ("A civil action otherwise removable solely on the basis of the jurisdiction under section 1332(a) of this title may not be removed if any of the parties in interest properly joined ***and served*** as defendants is a citizen of the State in which such action is brought.") (emphasis added); *see also Gibbons v. Bristol-Myers Squibb Co.*, 919 F.3d 699, 705 (2d Cir. 2019) ("Section 1441(b)(2) is inapplicable until a home-state defendant has been served in accordance with state law; until then, a state court lawsuit is removable under Section 1441(a) so long as a federal district court can assume jurisdiction over the action."); *Encompass Insurance Co. v. Stone Mansion Restaurant Inc.*, 902 F.3d 147 (3d Cir. 2018) (holding that the forum defendant rule does not preclude an in-state defendant from removing a case to federal court prior to service of the complaint, noting "this result may be peculiar in that it allows [the defendant] to use pre-service machinations to remove a case that it otherwise could not; however, the outcome is not so outlandish as to constitute an absurd or bizarre result."); *Blankenship v. Napolitano,* 2019 WL 3226909, at *4 (S.D. W. Va. July 17, 2019) ("There is apparently no dispute among the parties that the literal reading of the statute provides that if a forum defendant has not been served, removal is proper. The court finds, as the Second and Third Circuits did, that this plain meaning is not clearly contrary to Congress's intent nor so absurd that it cannot be given its plain meaning.").

12. LMI has not yet been served, the parties are citizens of different states, and the

amount in controversy exceeds $75,000. Accordingly, all requirements for diversity jurisdiction are satisfied.

## COMPLIANCE WITH REMOVAL STATUTE

13. This Notice has been timely filed because LMI has not been served. *See* 28 U.S.C. § 1446(b)(1) ("The notice of removal of a civil action or proceeding shall be filed within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based . . . ."). LMI first received a copy of Plaintiff's Complaint when it picked it up from the Fairfax County Courthouse on February 5, 2020, shortly before filing this Notice of Removal.

14. A copy of all documents in the Clerk's file at the Fairfax County Circuit Court as of the date of this filing are attached hereto as **Exhibit 3.** *See* 28 U.S.C. § 1446(a).

15. Since Plaintiff originally filed this action in the Circuit Court of Fairfax County, Virginia, removal to this Court is proper pursuant to 28 U.S.C. § 1441(a) and Local Civil Rule 3(B)(1).

16. A notice and copy of this Notice of Removal is being filed promptly with the Clerk of the Court for Fairfax County, in accordance with 28 U.S.C. § 1446(d).

17. A notice and copy of this Notice of Removal will also be promptly served on Plaintiff, pursuant to 28 U.S.C. § 1446(d) and Federal Rule of Civil Procedure 5.

18. This Notice of Removal is signed pursuant to Rule 11 of the Federal Rules of Civil Procedure. *See* 28 U.S.C. § 1446(a).

## RESERVATION OF DEFENSES/OBJECTIONS

19. LMI denies TCG's allegations and denies that TCG is entitled to any recovery on its claims.

20. By removing the state court action to this Court, LMI does not waive any defense or objections it may have to this action.

WHEREFORE, for the reasons stated above, the action pending in the Circuit Court for Fairfax County, Virginia, styled as *The Columbia Group, Inc. v. Logistics Management Institute*, Case No. CL-2020-0001643, is hereby removed to the Alexandria Division of the United States District Court for the Eastern District of Virginia.

                                                             Respectfully Submitted,

Dated: February 5, 2020                 /s/
                                            Nicholas M. DePalma (VSB 72886)
                                            Kevin W. Weigand (VSB 81073)
                                            VENABLE LLP
                                            8010 Towers Crescent Drive, Suite 300
                                            Tysons, VA 22182
                                            Tel: (703) 905-1455
                                            Fax: (703) 821-8949
                                            nmdepalma@venable.com
                                            kwweigand@venable.com

                                            *Counsel for Defendant*
                                            *Logistics Management Institute*

**CERTFICATE OF SERVICE**

I hereby certify that on the 5th day of February 2020, a true and correct copy of the foregoing was sent via first class mail and email to:

>James C. Fontana
>L. James D'Agostino
>Jeffry R. Cook
>8133 Leesburg Pike, Suite 500
>Tysons Corner, VA 22182
>Tel: 703-880-9172
>Fax: 703-880-9185
>jfontana@deftlaw.com
>jdagostino@deftlaw.com
>jcook@deftlaw.com
>
>Mariam W. Tadros
>REES BROOME, PC
>1900 Gallows Road, Suite 700
>Tysons Corner, Virginia 22182
>Tel: 703-790-1911
>Fax: 703-848-2530
>mtadros@reesbroome.com

>/s/_____
>Nicholas M. DePalma (VSB 72886)
>Kevin W. Weigand (VSB 81073)
>VENABLE LLP
>8010 Towers Crescent Drive, Suite 300
>Tysons, VA 22182
>Tel: (703) 905-1455
>Fax: (703) 821-8949
>nmdepalma@venable.com
>kwweigand@venable.com
>
>*Counsel for Defendant*
>*Logistics Management Institute*